IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00316-BNB

MICHAEL WAYNE BINGHAM,

    Applicant,

v.

[NO NAMED RESPONDENT],

    Respondent.

ORDER DISMISSING CASE

    Plaintiff, Michael Wayne Bingham, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. On February 3, 2014, Mr. Bingham filed *pro se* a document titled "Affidavit of Truth" with an attachment (ECF No. 1).

    On February 5, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Bingham to cure certain deficiencies within thirty days. Instead of complying with the February 5 order, Mr. Bingham, on February 11, 2014, filed a letter to Magistrate Judge Boyd N. Boland informing him that the "Affidavit of Truth" and attachment accidentally were submitted to this Court, he did not intend to initiate an action in this Court, and the documents should have been submitted in a pending case before the Colorado Court of Appeals. He asks that the original documents be returned to him so that he may file them in the state appeals court by the required deadline.

    The Court must construe liberally Mr. Bingham's letter because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the letter will be treated as a notice of voluntary dismissal.

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Mr. Bingham "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No response has been filed by the unnamed Respondent in this action. Pursuant to Fed. R. Civ. P. 41(a)(1)(B), the dismissal is without prejudice, unless otherwise stated. A voluntary dismissal pursuant to Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See Hyde Constr. Co.*, 388 F.2d at 507.

Mr. Bingham's request that his original documents be returned to him will be granted only because the Court still possesses the recently submitted originals. Normally, a litigant may obtain copies of the electronic documents filed in this action at a cost of $.50 per page paid in advance. Mr. Bingham is advised to keep his own copies of any documents that he files with the Court in the future because the Court's electronic filing system does not allow the Court to maintain paper copies. The clerk of the Court will be directed to mail to Mr. Bingham, together with a copy of this order, the original documents docketed in this action as ECF No. 1.

Accordingly, it is

ORDERED that the instant action is dismissed without prejudice pursuant to the notice of voluntary dismissal with prejudice (ECF No. 4) that Applicant, Michael Wayne Bingham, filed *pro se* on February 11, 2014.  It is

FURTHER ORDERED that the voluntary dismissal is effective as of February 11, the date the notice of voluntary dismissal was filed in this action.  It is

FURTHER ORDERED that Applicant's request for the return of his original documents is granted this time only.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Bingham, together with a copy of this order, the original documents docketed in this action as ECF No. 1.

DATED at Denver, Colorado, this   19th   day of   February  , 2014.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court